UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRENT ABERCROMBIE,<br><br>　　　　　　Plaintiff,<br>　v.<br>JEFF WEBB,<br><br>　　　　　　Defendant. | CASE NO. 2:23-cv-00345-TL<br><br>ORDER GRANTING DEFAULT JUDGMENT |

 Plaintiff Brent Abercrombie seeks declaratory relief against Defendant Jeff Webb challenging the validity of a maritime lien claimed by Webb against a vessel owned by Abercrombie. Dkt. No. 1 ¶¶ 1–12. This matter is before the Court on Abercrombie's motion for default judgment. Dkt. No. 14. Having considered the relevant record, the Court GRANTS the motion for default judgment against Defendant Jeff Webb and DECLARES that Webb's lien against the vessel Northwind, official number 552839, is not valid and the vessel is not subject to the Notice of Claim of Lien.

ORDER GRANTING DEFAULT JUDGMENT - 1

## I. BACKGROUND

Plaintiff Abercrombie owns the motor fishing vessel Northwind, official number 552839. Dkt. No. 1 ¶ 6. Abercrombie alleges that on or around January 26, 2022, Webb filed a Notice of Claim of Lien with the U.S. Coast Guard indicating a lien of amount of $34,000 against the Northwind. *Id.* ¶¶ 7–8. The lien is evidenced by a Notice of Claim of Maritime Lien recorded on the vessel's title. Dkt. No. 1 ¶ 8, Dkt. No. 16-1 at 6. Abercrombie further asserts that Webb is owed no money giving rise to an assertable maritime lien. Dkt. No. 1 ¶ 10.

Abercrombie initiated this action on March 9, 2023, seeking declaratory relief invalidating the maritime lien. Dkt. No. 1. Proof of service was filed attesting that Webb was served at 4354 W. Degray Drive, South Jordan, Utah 84009 on May 8, 2023. Dkt. No. 7. Service was proper because the required documents were left with a person of suitable age who identified themselves as Webb's spouse and co-resident, although she refused to give her name. *Id.*; *see also* Fed. R. Civ. P. 4(e)(2)(B). Webb has not noted an appearance or otherwise responded to service of process. On Abercrombie's motion, default was entered by the Clerk pursuant to Federal Rules of Civil Procedure, Rule 55(a) and Local Civil Rule 55. Dkt. Nos. 8, 12. Abercrombie now moves for default judgment. Dkt. No. 14.

## II. DISCUSSION

A court's decision to enter a default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Default judgment is "ordinarily disfavored," because courts prefer to decide "cases on their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (affirming district court's denial of default judgment). When considering whether to exercise discretion in entering default judgments, courts may consider a variety of factors, including:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of a plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure.

*Id.* at 1471–72. Courts reviewing motions for default judgment must accept the allegations in the complaint as true, except facts related to the amount of damages. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

Accepting the allegation in the Complaint as true, the Court finds that default judgment is appropriate. Here, Abercrombie is clearly prejudiced by the recorded lien against his property, appears to have a meritorious claim for declaratory relief, and has filed a sufficient complaint for the relief sought. While it is possible that Webb may dispute whether he is owed any money giving rise to the lien, he was duly served with process per the governing procedural rules and failed to appear to defend against Abercrombie's claims. Despite the policy disfavoring default judgment, the relevant factors here weigh in favor of granting Abercrombie's motion.

### III.   ORDER

Consequently, the Court:

1. GRANTS Plaintiff's motion for default judgment,
2. ORDERS the Clerk to enter final judgment in accordance with this order, and
3. DECLARES that Webb's maritime lien against the vessel Northwind, official number 552839, is not valid and the vessel is not subject to the Notice of Claim of Lien.

Dated this 25th day of August 2023.

Tana Lin
United States District Judge

ORDER GRANTING DEFAULT JUDGMENT - 3